IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| WILLIAM MOHAT<br>8623 Hilltop Dr.<br>Mentor, OH 44060<br>On his own behalf | ) <br> ) <br> ) | Case No. 1:09CV688 |
| | ) | JUDGE DONALD C. NUGENT |
| and | ) | |
| JANIS MOHAT<br>8623 Hilltop Dr.<br>Mentor, OH 44060<br>On her own behalf and<br>as Administratrix of the<br>Estate of Eric Mohat on<br>behalf of the Estate | ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) | <ins>FIRST AMENDED<br>COMPLAINT WITH<br>JURY DEMAND</ins> |
| -vs- | ) | |
| | ) | |
| MENTOR PUBLIC SCHOOL DISTRICT<br>BOARD OF EDUCATION<br>6451 Center Street<br>Mentor, OH 44060 | ) <br> ) | |
| and | ) | |
| JACQUELINE A. HOYNES<br>6451 Center Street<br>Mentor, OH 44060<br>In her official and<br>individual capacities | ) <br> ) <br> ) | |
| and | ) | |
| JOSEPH SPICCIA<br>6477 Center Street<br>Mentor, OH 44060 | ) <br> ) | |

1

In his official and
individual capacities                    )

and                                      )

THOMAS M. HORVATH                        )
6477 Center Street
Mentor, OH 44060                         )
In his official and
individual capacities                    )

                                         )
        Defendants.


## INTRODUCTION

1.  This is a complaint brought by private citizens, on their own behalf and on behalf of the estate of their minor son, now deceased, against a public entity and several of its officials and employees for redress of violations of plaintiffs' civil rights. The complaint seeks declaratory, injunctive and monetary relief. This complaint was timely filed on March 26, 2009; it is being amended with leave of court to include the fact that Janis Mohat is the Administratrix of the Estate of Eric Mohat and that she is suing on behalf of the estate, to change the date of Eric Mohat's death, which was erroneously listed as March 27, 2009, when in fact it was March 29, 2009 and to correct typographical errors.


## JURISDICTION

2.  Jurisdiction is invoked pursuant to 42 U.S.C. Section 2000e and 28 U.S.C. Sections 1343(3) and (4). Claims are asserted pursuant to the Fourteenth Amendments to the U.S. Constitution, 20

U.S.C. Section 1681 and 42 U.S.C. Section 1983.  To the extent declaratory relief is sought, claims are asserted pursuant to 28 U.S.C. Sections 2201 and 2202.  Supplemental state claims are asserted pursuant to 28 U.S.C. Section 1167, state statutes and state common law.

<u>PARTIES</u>

3.  Plaintiffs William and Janis Mohat are residents of Mentor, Ohio in Lake County within the Northern District of Ohio. They are the parents of Eric Mohat, who is deceased and who was at all relevant times a minor and a student at Mentor High School within the Mentor Public School District in Mentor, Ohio.  They are suing on their own behalf and Janis Mohat is also suing in her capacity as Administratrix of the Estate of Eric Mohat, on behalf of the Estate.

4.  Defendant Mentor Public School District Board of Education is a public entity which, acting under color of law, is responsible for the formulation and implementation of all official governmental laws, policies, regulations and procedures in effect for the Mentor Public School District.

5.  Defendant Jacqueline A. Hoynes was at all relevant times the Superintendent of the Mentor Public School District; in that capacity, acting under color of law, she is responsible for the implementation of all official governmental laws, policies, regulations and procedures governing the Mentor Public School District.  She is sued in her official and individual capacities.

3

6.  Defendant Joseph Spiccia was at all relevant times a full-time employee of the Mentor Public School District, serving as the Principal of Mentor High School; in that capacity, acting under color of law, he is responsible for the implementation of all official governmental laws, policies, regulations and procedures governing Mentor High School.  He is sued in his official and individual capacities.

7.  Defendant Thomas A. Horvath was at all relevant times a full-time employee of the Mentor Public School District, serving as a teacher at Mentor High School; in that capacity, acting under color of law, he is responsible for the implementation of all official governmental laws, policies, regulations and procedures governing his own classes and Mentor High School.  He is sued in this official and individual capacities.

## FACTS

8.  Plaintiffs William and Janis Mohat are residents of Mentor, Ohio.  Their son, Eric Mohat, was 17 years old and a student at Mentor High School when, on March 29, 2007, he tragically took his own life.

9.  For many months prior to his death, Eric Mohat endured harassment and bullying at school at the hands of numerous other students.

10.  This harassment and bullying took the form of constant name-calling, teasing and verbal intimidation in one particular class and constant pushing, shoving and hitting both in class and

4

in hallways of the high school.

11.   The name-calling was usually sexually-themed; Eric was called "gay," "fag," "queer" and "homo" among other names.

12.   The defendants knew or should have known about this constant harassment.

13.   Defendant Horvath knew about the harassment because most of the verbal harassment and some of the physical harassment took place in his classroom during a math class that he taught and because Eric complained to him about the harassment.

14.   On the day Eric committed suicide, one of the students who had been harassing him said to Eric, in front of other students and, by information and belief, in front of defendant Horvath, "Why don't you go home and shoot yourself?  No one would miss you."

15.   Other school administrators knew or should have known about the bullying and harassment Eric was suffering and how it was affecting him because he wrote about it on an internet social networking page which was monitored by school officials, and because on the day of Eric's death, at least one administrator saw Eric crying in the hallway of the high school and took no action to find out what was wrong or to help Eric.

16.   The defendants also knew or should have known that bullying and harassment were problems at the high school because prior to Eric's death, two other members of his class had already committed suicide due, at least partially, to issues stemming from bullying and harassment received in school.

17.   The defendants' prior knowledge of the fact that Eric was

being regularly bullied and harassed and their failure to intervene, and their knowledge that two other students in Eric's class were victims of bullying and harassment that led to suicides and their failure to act to curtail bullying and harassment constitutes deliberate indifference in violation of Eric's rights.

18.  The defendants' actions and omissions, in knowing that Eric Mohat was regularly bullied and harassed and their failure to intervene, effectively deprived Eric Mohat of access to the school's resources and opportunities and were clearly unreasonable in light of the known circumstances.

19.  The actions and omissions of the defendants were similar in nature, repeatedly continued over time and the effects of those violations are still being felt today.

20.  Due to the actions and omissions of the defendants, jointly and severally, Eric Mohat became so depressed that he committed suicide, costing him his life and costing his parents the companionship of their son and suffered and continue to suffer severe emotional distress.

21.  The failure by defendants to adequately address the bullying and harassment of Eric Mohat is part of a policy and practice of the Mentor Public School District Board of Education of violating students' rights by ignoring bullying and harassment of students by other students.

COUNT I

22.  Plaintiffs reassert the foregoing as if fully rewritten

6

herein.

23.   The actions of defendants constitute a violation of plaintiffs' constitutional right, pursuant to the substantive and procedural due process clauses of the Fourteenth Amendment, to familial relationships, which includes the right to the companionship, care, custody and management of their child, including the right to control his education.

24.   As a direct result of the actions and conduct of defendants, plaintiffs suffered and continue to suffer extreme emotional pain and suffering and loss of companionship with their son.


## COUNT II

25.   Plaintiffs reassert the foregoing as if fully rewritten herein.

26.   The actions of defendant Mentor Public School District Board of Education, in failing to properly train its officials and teachers in proper methods of recognizing, responding to and preventing bullying and harassment, and in permitting bullying and harassment, constitute a violation of defendant Mentor Public School District Board of Education's obligations to maintain lawful policies and procedures pursuant to Monell v. Dept. of Social Services, 436 U.S. 658 (1978).

27.   As a direct result of the actions and conduct of defendant, plaintiffs have suffered and continue to suffer extreme emotional distress, loss of companionship, and in Eric's case, loss

of life.

## COUNT III

28.   Plaintiffs reassert the foregoing as if fully rewritten herein.

29.   The actions of defendants constitute a violation of Title IX, 20 U.S.C. Section 1681 by allowing the plaintiffs' minor son to be harassed by other students.

30.   As a direct result of the actions and conduct of defendants, plaintiffs have suffered and continue to suffer extreme emotional distress, loss of companionship and in the case of Eric Mohat, loss of life.

## COUNT IV

31.   Plaintiffs reassert the foregoing as if fully rewritten herein.

32.   The actions of defendants, as enumerated above, constitute negligence and/or gross negligence under state law.

33.   As a direct result of the actions and conduct of defendants, plaintiffs have suffered and continue to suffer extreme emotional distress, loss of companionship and in the case of Eric Mohat, loss of life.

## COUNT V

34.   Plaintiffs reassert the foregoing as if fully rewritten herein.

8

35. The actions of defendants constitute malicious purpose, bad faith and wanton and reckless conduct in violation of Ohio Revised Code Section 2744.03(A)(6).

36. As a direct result of the actions and conduct of defendants, plaintiffs have suffered and continue to suffer extreme emotional distress, loss of companionship and in the case of Eric Mohat, loss of life.

WHEREFORE, plaintiffs ask that this court grant the following relief:

A) Declare that the acts and conduct of all defendants constitute violations of plaintiffs' constitutional, statutory and common-law rights.

B) Enjoin defendants from violating the constitutional and statutory rights of its citizens.

C) Grant to the plaintiffs and against all defendants, jointly and severally, an appropriate amount of compensatory damages, and against the individual defendants an appropriate amount of punitive damages.

D) Grant to the plaintiffs and against all defendants, jointly and severally, appropriate costs and attorneys' fees.

E) Grant to the plaintiffs whatever other relief the court deems appropriate.

/s/Kenneth D. Myers
KENNETH D. MYERS (005365)
6100 Oak Tree Blvd., Suite 200
Cleveland, OH 44131
(216) 241-3900
Counsel for Plaintiffs

<u>JURY DEMAND</u>

Plaintiffs hereby demand a trial by jury.

/s/Kenneth D. Myers
KENNETH D. MYERS

Counsel for Plaintiffs