# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM MOHAT, *et al.*, | ) CASE NO. 1:09CV688 |
| Plaintiffs, | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| | ) **DEFENDANTS' ANSWER TO** |
| MENTOR PUBLIC SCHOOL DISTRICT | ) **PLAINTIFFS' FIRST AMENDED** |
| BOARD OF EDUCATION, *et al.*, | ) **COMPLAINT** |
| Defendants. | ) |

For their Answer to Plaintiffs William Mohat and Janis Mohat's ("Plaintiffs") *First Amended Complaint* ("Complaint"), Defendants Mentor City School District Board of Education, Jacqueline A. Hoynes, Joseph Spiccia, and Thomas M. Horvath ("Defendants") state the following:

## FIRST DEFENSE

1. Defendants deny the allegations contained in ¶1 of Plaintiffs' Complaint, but specifically admit that Plaintiffs corrected some of the typographical errors in the original complaint. Further answering, Defendants aver that Eric Mohat's date of death was March 29, 2007, not March 29, 2009. Defendants further aver that Plaintiff Janis Mohat cannot bring claims on behalf of her son, Eric Mohat, as Administratrix of his estate, as no estate has been established in the proper probate court. Defendants further aver that any claims brought on behalf of the estate of Eric Mohat are time-barred.

2. Paragraph 2 is a general statement of the jurisdiction of this Court and, therefore, requires no response from Defendants. To the extent a response is required, Defendants admit.

3. Plaintiffs attempt to invoke this Court's jurisdiction pursuant to the statutes listed in ¶2. Defendants deny any remaining allegations contained in ¶2 of Plaintiffs' Complaint.

4. Defendants deny Plaintiff Janis Mohat is suing on behalf of the estate of Eric Mohat, because no such estate has been established in the proper probate court, and specifically aver that Plaintiff Janis Mohat lacks capacity to sue on behalf of the estate of Eric Mohat. Defendants admit the remaining allegations contained in ¶3 of Plaintiffs' Complaint.

5. Defendants admit the allegations contained in ¶4 of Plaintiffs' Complaint.

6. Defendants admit the allegations contained in ¶5 of Plaintiffs' Complaint.

7. Defendants admit the allegations contained in ¶6 of Plaintiffs' Complaint.

8. Defendants deny Defendant Horvath is responsible for the implementation of all laws, policies, regulations and procedures governing Mentor High School. Further answering, Defendants admit the remaining allegations contained in ¶ 7 of Plaintiffs' Complaint.

9. Defendants admit the allegations contained in ¶8 of Plaintiffs' Complaint

10. Defendants deny the allegations contained in ¶9 of Plaintiffs' Complaint for want of knowledge sufficient to form a belief as to the truth of the matters asserted herein.

11. Defendants deny the allegations contained in ¶10 of Plaintiffs' Complaint.

12. Defendants deny the allegations contained in ¶11 of Plaintiffs' Complaint for want of knowledge sufficient to form a belief as to the truth of the matters asserted herein.

13. Defendants deny the allegations contained in ¶12 of Plaintiffs' Complaint.

14. Defendants deny the allegations contained in ¶13 of Plaintiffs' Complaint.

15. Defendants deny the allegations contained in ¶14 of Plaintiffs' Complaint for want of knowledge sufficient to form a belief as to the truth of the matters asserted herein.

16. Defendants deny the allegations contained in ¶15 of Plaintiffs' Complaint.

17. Defendants deny the allegations contained in ¶16 of Plaintiffs' Complaint.

18. Defendants deny the allegations contained in ¶17 of Plaintiffs' Complaint.

19. Defendants deny the allegations contained in ¶18 of Plaintiffs' Complaint.

20. Defendants deny the allegations contained in ¶19 of Plaintiffs' Complaint.

21. Defendants deny the allegations contained in ¶20 of Plaintiffs' Complaint.

22. Defendants deny the allegations contained in ¶21 of Plaintiffs' Complaint.

23. Defendants reassert their responses to ¶1 through ¶21 of Plaintiffs' Complaint as if fully rewritten here.

24. Defendants deny the allegations contained in ¶23 of Plaintiffs' Complaint.

25. Defendants deny the allegations contained in ¶24 of Plaintiffs' Complaint.

26. Defendants reassert their responses to ¶1 through ¶24 of Plaintiffs' Complaint as if fully rewritten here.

27. Defendants deny the allegations contained in ¶26 of Plaintiffs' Complaint.

28. Defendants deny the allegations contained in ¶27 of Plaintiffs' Complaint.

29. Defendants reassert their responses to ¶1 through ¶27 of Plaintiffs' Complaint as if fully rewritten here.

30. Defendants deny the allegations contained in ¶29 of Plaintiffs' Complaint.

31. Defendants deny the allegations contained in ¶30 of Plaintiffs' Complaint.

32. Defendants reassert their responses to ¶1 through ¶30 of Plaintiffs' Complaint as if fully rewritten here.

33. Defendants deny the allegations contained in ¶32 of Plaintiffs' Complaint.

34. Defendants deny the allegations contained in ¶33 of Plaintiffs' Complaint.

35. Defendants reassert their responses to ¶1 through ¶33 of Plaintiffs' Complaint as if fully rewritten here.

36. Defendants deny the allegations contained in ¶35 of Plaintiffs' Complaint.

37. Defendants deny the allegations contained in ¶36 of Plaintiffs' Complaint.

38. Defendants deny any remaining allegations not specifically admitted herein.

## SECOND DEFENSE

39. Plaintiffs have failed to state a claim, in whole or in part, upon which relief can be granted.

## THIRD DEFENSE

40. Plaintiffs William and Janis Mohat lack capacity to sue on behalf of an estate of Eric Mohat.

## FOURTH DEFENSE

40. Plaintiffs William and Janis Mohat are not the real parties in interest to all or a portion of the claims set forth in the Complaint.

## FIFTH DEFENSE

41. Plaintiffs William and Janis Mohat lack standing to assert all or a portion of the claims set forth in the Complaint.

## SIXTH DEFENSE

42. The individual Defendants have a qualified immunity from suit.

## SEVENTH DEFENSE

43. The injuries and damages as claimed in the Complaint were caused by an intervening and superseding event that Defendants did not cause, or over which Defendants did not have any control, such that Defendants may not be held liable in this matter.

**EIGHTH DEFENSE**

44. Plaintiffs' Complaint fails to name necessary and indispensable parties to this matter, such that a just adjudication cannot be had.

**NINTH DEFENSE**

45. Plaintiffs' own negligence or fault contributed to the cause of the injuries and damages claimed in this matter, and such negligence or fault was greater than the alleged negligence or fault on the part of the Defendants herein, which the Defendants specifically deny, such that recovery of damages is barred or limited under Ohio law.

**TENTH DEFENSE**

46. Given the facts and circumstances then and therein obvious to him, Decedent assumed the risk of injury and damage such that recovery of damages in this matter is barred or limited under Ohio law.

**ELEVENTH DEFENSE**

47. Punitive damages may not be asserted against Defendant Board of Education.

**TWELFTH DEFENSE**

48. Plaintiffs are not entitled to punitive damages, compensatory damages, injunctive relief, or attorneys' fees.

**THIRTEENTH DEFENSE**

49. At all times, Defendants acted in good faith without intent to contravene Plaintiffs' rights, statutory, administrative, constitutional, or otherwise, and, in fact, contravened no such rights.

**FOURTEENTH DEFENSE**

50. Defendant Board of Education has no practice, pattern, policy, custom, or usage permitting unconstitutional and/or illegal conduct by its members, agents, employees, and/or representatives.

**FIFTEENTH DEFENSE**

51. Defendant Board of Education has no policies, customs or practices violating student rights or exhibiting deliberate indifference to those rights, and even if such policies, customs, or practices did exist, they were not so widespread as to have the force of law, nor did school officials or personnel in the employ of Defendant Board of Education have actual or constructive knowledge of such policies, customs, or practices.

**SIXTEENTH DEFENSE**

52. Defendants assert the immunities and defenses contained in Ohio Revised Code Chapter 2744.

**SEVENTEENTH DEFENSE**

53. Plaintiffs' Complaint is barred, in whole or in part, by the applicable statute of limitations.

**EIGHTEENTH DEFENSE**

54. Plaintiffs' failure to establish Eric Mohat's estate in "the probate court of the county in which he was a resident," pursuant to R.C. § 2113.01, renders the estate void, as the court where the estate was filed lacked subject-matter jurisdiction.

WHEREFORE, having fully answered, Defendants request that Plaintiffs' Complaint be dismissed in its entirety, with prejudice, and this Court award Defendants their costs and attorney fees incurred in defending this action.

                    Respectfully submitted,

*/s/ David Kane Smith*
David Kane Smith (0016208)
Krista Keim (0067144)
Lindsay Ferg Gingo (0083607)
BRITTON SMITH PETERS
    & KALAIL CO., L.P.A.
3 Summit Park Drive, Suite 400
Cleveland, OH 44131
Telephone: (216) 503-5055
Facsimile:  (216) 503-5065
Email: dsmith@ohioedlaw.com
       kkeim@ohioedlaw.com
       lgingo@ohioedlaw.com

*Attorneys for Defendants Mentor City School District Board of Education, Jacqueline A. Hoynes, Joseph Spiccia, and Thomas M. Horvat*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 24th day of July, 2009, a copy of the foregoing *Defendants' Answer to Plaintiffs' Amended Complaint* was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

      */s/ David Kane Smith*
      *Attorney for Defendants Mentor City School District Board of Education, Jacqueline A. Hoynes, Joseph Spiccia, and Thomas M. Horvat*