IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM MOHAT, *et al.*, | ) CASE NO.: 1:09 CV 688 |
| Plaintiffs, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| MENTOR EXEMPTED VILLAGE SCHOOL DISTRICT BOARD OF EDUCATION, *et al.*, | ) |
| Defendants. | ) <u>ORDER CERTIFYING QUESTION OF STATE LAW TO THE OHIO SUPREME COURT</u> |

This matter is before the Court on Defendants' Motion For Judgment on the Pleadings. (ECF #14). Plaintiff filed a Response to Defendants' Motion, and Defendants filed a Reply. (ECF #18, 21). The Court has carefully considered all of the pleadings, motions, briefing, and relevant law, and finds that there exists a controlling issue of state law for which there is no controlling precedent in the decisions of the Ohio Supreme Court, for which there is contradictory authority in the lower courts of Ohio, and for which there is contradictory language within the controlling Ohio statute. Therefore, pursuant to Ohio Supreme Ct. Prac. Rule XVIII, this Court hereby certifies the question to the Ohio Supreme Court for consideration.

## STANDARD

Ohio Supreme Court Practice Rule XVIII states that "a federal court may certify questions to the Supreme Court of Ohio when a state law is at issue. That Rule states in pertinent part:

> The Supreme Court may answer a question of law certified to it by a court of the United States. This rule may be invoked when the certifying court, in a proceeding before it, determines there is a question of Ohio law that may be determinative of the proceeding and for which there is no controlling precedent in the decisions of this Supreme Court, and issues a certification order.

Federal courts have utilized this Rule freely when the moving party demonstrates both the determinative and lack of controlling precedent prongs of the Rule.

## PROCEDURAL and FACTUAL HISTORY

The Plaintiffs filed this action in March of 2009 on their own behalf, and on behalf of the Estate of Eric Mohat (their minor son). The Complaint seeks declaratory, injunctive, and monetary relief against the Mentor Public School District, Jacqueline A. Hoynes (Superintendent of the Mentor Public School District), Joesph Spiccia (Principal of Mentor High School), and Thomas Horvath (Teacher at Mentor High School) for alleged violations of their civil rights. (ECF #1). The Complaint alleges that Eric Mohat, a seventeen year old student at Mentor High School, was regularly bullied and harassed at school; that the school and, in particular, Mr. Horvath knew about the bullying and harassment; that the school did nothing to intervene or alleviate the problem; and, that as a result of the constant bullying and harassment, Eric Mohat eventually committed suicide. Plaintiffs allege that as a result of these circumstances, they have been deprived of their parental rights without due process; that they were deprived of their right

to companionship and Eric was deprived of his right to life in violation of 42 U.S.C. §1983 (Monell claim); that the school was negligent, and has violated Title IX, 20 U.S.C. §1681; and, that the schools actions or failures to act were wonton, reckless, and malicious.

This lawsuit was filed on March 26, 2009. The Cuyahoga County Probate Court named Janis Mohat personal representative of Eric Mohat's estate on June 25, 2009. There is no dispute that Eric's estate was not established until June of 2009 - after the filing of the lawsuit, and after the running of the statute of limitations for the estate. Further, there is no dispute that the estate was mistakenly opened in Cuyahoga County rather than Lake County, the county where Eric resided at the time of his death. Plaintiffs admit that this was in error and that have taken steps to have Mrs. Mohat duly appointed as administrator in the proper county (Lake County). Plaintiffs recently filed a supplement to their Response in Opposition with the Court indicating that Mrs. Mohat was duly appointed as administrator of her son's estate in Lake County on November 9, 2009.

Defendants contend that the Estate's claims are time-barred and void, and that 42 U.S.C. §1983 and Title IX do not support causes of action on behalf of his parents. Moreover, Defendants argue that a school's failure to recognize a student's suicidal tendencies stemming from bullying do not create liability under any of the Plaintiffs legal theories. Plaintiffs contend that under Ohio law, the formation of the estate, and the appointment of Mrs. Mohat as administrator, relates back to the filing of the Complaint. Therefore, Plaintiffs contend that the Complaint is not barred by the two year statute of limitations and the claims of the estate should be allowed to go forward on the merits.

## QUESTION OF LAW TO BE ANSWERED

The Court seeks a ruling by the Ohio Supreme Court as to:

**Whether, under Ohio law a wrongful death action filed on behalf of a decedent <u>before</u> an estate is legally established, by someone who is <u>not</u> a legally appointed administrator or personal representative (i.e. is without legal standing to sue on the decedent's behalf), are barred by the statute of limitations if later, after the running of the statute of limitations but before resolution of the claims, an estate is legally established and an administrator or personal representative is duly appointed and named in the Complaint - or whether the formation of the estate and the appointment of the administrator relates back to the original filing of the claims.**

The answer to this question will determine whether or not the claims made by the estate may proceed, or whether they are time-barred pursuant to the applicable statute of limitations.

The Ohio Supreme Court has clearly held that a relative who has not been legally appointed as a personal representative of the decedent's estate lacks standing to pursue an action on behalf of the estate to its conclusion. It is less clear, however, whether, under Ohio law, someone may file suit on behalf of the estate as a sort of "place holder" to avoid being barred by the statute of limitations, so long as an estate is formed and a personal representative is appointed prior to the resolution of the action.

Both parties in the instant case cite to the Supreme Court of Ohio's opinion in *Ramsey v. Neiman*, 69 Ohio St.3d 508 (1994) in support of their position on this issue. The Court was

unanimous in its judgment in that case, but was split on its reasoning. The lead opinion, which is not actually the majority opinion in this instance, held that "[a] cause of action in wrongful death arising under R.C. Chapter 2125 must be brought in the name of a person appointed by a court to be the administrator, executor, or personal representative of the decedent's estate." The lead opinion addressed the issue of whether a later appointed administrator could relate back to a timely filing by someone who lacked standing to bring the action in order to save the case from dismissal on statute of limitations grounds. The Court distinguished the case before it from other cases that had allowed actions to proceed, indicating that there was no clear precedent that would address the facts of the case before it, but refused to answer the specific question because the question was based on a hypothetical situation not actually present in the case before it.

The concurring opinion, which actually constituted the majority opinion based on the number of judges who signed on, did not find any requirement in R.C. 2125.02(A)(1) that the person initiating a wrongful death lawsuit be a legally appointed representative of an estate. Those Justices who joined in that opinion stated their belief that a personal representative "must be court-appointed after the complaint has been filed, but before any judgment is entered or settlement is reached." *Ramsey v. Neiman*, 69 Ohio St.3d 508 (concurring opinion). They also indicated, without providing any reason or legal basis, that the summary judgment stage would be an appropriate time to determine whether plaintiffs had or would obtain proper court appointment after filing their complaints. Although this perspective was held by the slim majority of the Court in 1994, the interpretations and guidelines set forth in that opinion were dicta in the underlying case, and therefore are not controlling precedent for us to follow.

In trying to come to a determination on this issue, this Court has also reviewed Ohio's

statute on wrongful death and finds the language in O.R.C. §2125.02 to be unclear with regard to the issue set forth above. Section 2125.02(A)(1) states that: "a civil action for wrongful death shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent... ." This would tend to support the argument that a wrongful death action cannot be brought by anyone other than a legally appointed personal representative, making such an action void from its inception and ineffective at tolling the statute of limitations.

Section 2125.02 © however, lends support to the alternative argument, stating that "[a] personal representative appointed in this state, with the consent of the court making the appointment and at any time **before or after the commencement of a civil action for wrongful death**, may settle with the defendant the amount to be paid." *Id.* (Emphasis added.) The highlighted language in this section would seem superfluous if, in fact, an action brought by anyone other than the legally appointed personal representative were void at the time of filing.

The lower courts in Ohio offer no additional clarity on the issue. The ninth district has held that R.C. §2125.02 is to be construed liberally, and that generally the appointment of an administrator is deemed to relate back to the time of filing of a complaint. *Stone v. Phillips*, 1993 Ohio App. LEXIS 3989 (9th Dist. 1993). Conversely, the Fifth District has held that an action for wrongful death must be brought in the name of the personal representative of the decedent, and if it is not, neither Rule 17 nor the doctrine of relation back will apply to save the action from an expired statute of limitations if the decedent's representative is added after the statute has run. *Gottke v. Diebold, Inc.*, 1990 Ohio App. LEXIS 3564 (5th Dist. 1990).

## PARTIES AND LEGAL COUNSEL

Pursuant to the requirements of Sct. R. XVIII, Section 2 (C),(D), and (E), the Court hereby designates the Defendant, Mentor Exempted Village School District Board of Education as the moving party and identifies the parties and their counsel below.

Plaintiffs:

(1) William Mohat

(2) Janis Mohat, individually

(3) Janis Mohat, on behalf of the Estate of Eric Mohat

Plaintiffs are represented by Kenneth D. Myers, 6100 Oak Tree Blvd., Ste. 200, Cleveland, OH 44131. Mr. Myers phone number is (216) 241-3900.

Defendants:

(1) Mentor Public School District Board of Education

(2) Jacqueline Hoynes

(3) Joseph Spiccia

(4) Thomas M. Horvath

Defendants are represented by David Kane Smith, Krista K. Kleim, and Lindsay F. Gingo, all of Britton, Smith, Peters & Kalail - Independence, 3 Summit Park Drive, Ste. 400, Independence, OH 44131. Their phone numbers are (216) 503-5055, (216) 642-0323, and (216) 503-5058, respectively.

## CONCLUSION

For all of the reasons set forth above, the Court hereby certifies the above stated question to the Ohio Supreme Court for its consideration and determination. The remainder of the case is stayed, pending a decision by the Ohio Supreme Court on this certification order.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: January 29, 2010